UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORI M. MCSHANE,

      Plaintiff,

v.                                       Case No: 8:15-cv-677-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

### ORDER

      Plaintiff, Lori McShane, seeks judicial review of the denial of her claim for a period of disability and disability insurance benefits. As the Administrative Law Judge's ("ALJ") decision did not employ proper legal standards, the decision is reversed.

### BACKGROUND

**A.     Procedural Background**

      Plaintiff filed an application for a period of disability and disability insurance benefits on September 21, 2011. (Tr. 12.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 12.) Plaintiff then requested an administrative hearing. (Tr. 12.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 12.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 9–21.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–4.) Plaintiff then timely filed a complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.     Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1963, claimed disability beginning on July 31, 2011.  (Tr. 12, 19.)  Plaintiff has a limited education, having completed the ninth grade.  (Tr. 63.)  Plaintiff's past relevant work experience included work as a heat and air conditioner installer/servicer, a truck driver, and a janitor.  (Tr. 19.)  Plaintiff alleged disability due to degenerative joint disease in her back, neck pain after cervical fusion, foot pain, anxiety/panic attacks, cholesterol, high blood pressure, and diabetes.  (Tr. 170.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since July 31, 2011, the alleged onset date.  (Tr. 14.)  After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: disorders of the spine, status post cervical fusion, bilateral heel spurs, fasciitis, and obesity.  (Tr. 14.)  Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 16.)  The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to lift, carry, push, or pull ten pounds occasionally and less than ten pounds frequently; stand or walk for two hours of an eight-hour workday; and sit for six hours of an eight-hour workday.  (Tr. 16.)  The ALJ made the following limitations: Plaintiff cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl; can frequently reach overhead, bilaterally; and requires the option to sit or stand at will.  (Tr. 16.)

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible.  (Tr. 17.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert, however, the ALJ determined that Plaintiff could not perform her past relevant work.  (Tr. 19.)  Given Plaintiff's background and RFC, the vocational expert testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a surveillance system monitor, a callout operator, and a food and beverage order clerk.  (Tr. 20.)  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the vocational expert, the ALJ found Plaintiff not disabled.  (Tr. 20–21.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 416.920(a).  Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20

C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience.  20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066.  The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the following basis: the ALJ used a prohibited mechanical application of the Social Security regulation's age categories to conclude that Plaintiff was not disabled.  (Dkt. 20.)  Specifically, Plaintiff contends that the ALJ erred by failing to consider applying an older age category to Plaintiff's case when she was of borderline age, which would have resulted in a determination that Plaintiff is disabled.  For the reasons that follow, this contention warrants reversal.

### A.      Age as a Factor in Determining Disability

At the fifth and final step of the sequential evaluation process, the ALJ considers a claimant's residual functional capacity, age, education, and work experience to determine whether the claimant can make an adjustment to other work.  20 C.F.R. §§ 404.1520(a)(4)(v), 404.1563(a).  If the claimant can make an adjustment to other work, then the ALJ will find that the claimant is not disabled.  20 C.F.R. § 404.1520(a)(4)(v).  If, however, the claimant cannot make an adjustment to other work, then the ALJ will find that the claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(v).

In making this finding, the ALJ considers a claimant's age to determine the extent to which age affects the claimant's ability to adjust to other work.  20 C.F.R. § 404.1563(a).  Generally, advancing age is considered to be an increasingly limiting factor in a claimant's ability to adjust to other work.  20 C.F.R. § 404.1563(a).  For example, the ALJ does not generally consider that age will seriously affect a younger person's ability to adjust to other work.  20 C.F.R. § 404.1563(c).  But, the ALJ will consider that age, along with a severe impairment and limited work experience, may seriously affect a person closely approaching advanced age.  20 C.F.R. § 404.1563(d).

When considering a claimant's age, the ALJ classifies a claimant according to the following age categories: (1) younger person, defined as a person younger than fifty years of age; (2) person closely approaching advanced age, defined as a person between the ages of fifty and fifty-four; and (3) person of advanced age, defined as a person fifty-five years of age or older. 20 C.F.R. § 404.1563(c)–(e). These age categories apply to the claimant during the period for which the ALJ makes a disability determination. 20 C.F.R. § 404.1563(b).

## B.   The Grids

As stated above, at step five of the sequential evaluation process, the ALJ considers the claimant's residual functional capacity, age, education, and work experience to determine whether the claimant has the ability to adjust to other work. 20 C.F.R. § 404.1520(a)(4)(v). To make this determination, the ALJ may either apply the Medical-Vocational Guidelines ("Grids") or consult a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239–40 (11th Cir. 2004). However, exclusive reliance on the Grids is not appropriate, and thus a vocational expert must be consulted, if the claimant is unable to perform a full range of work at a given residual functional level or if the claimant has non-exertional impairments that significantly limit basic work skills. *Id.* at 1242–43.

The Grids "consist of a matrix of the four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 461–62 (1983). When a claimant's circumstances correspond to the factors identified by a rule in the Grids, the Grids direct a conclusion as to whether the claimant is or is not disabled. *Id.* at 462; 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 200.00(a). However, the rules must only be applied "when they describe a claimant's abilities and limitations

accurately." *Heckler*, 461 U.S. at 462 n.5.  Therefore, mechanical application of the Grids is inappropriate if a claimant's capabilities are not described accurately by a rule or if a claimant possesses limitations that are not accounted for in the Grids.  *Id.*

When applying the Grids, a claimant's age may have a substantial effect on the ALJ's determination of disability.  *See Reeves v. Heckler*, 734 F.2d 519, 525 (11th Cir. 1984) (stating that the ALJ "may use the age factor as applied in the grids as evidence of the claimant's ability to adapt to a new work environment, but this age factor shall not be conclusive").  For example, if a claimant approaching advanced age retains the residual functional capacity to perform sedentary work, has a limited education, and has previous skilled work experience where the skills are not transferable, then the Grids dictate a finding of "disabled."  20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 1, Rule 201.10.  If, on the other hand, the claimant is a younger person between the ages of forty-five and forty-nine and has the same factors, then the Grids dictate a finding of "not disabled."  20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 1, Rule 201.19.  Therefore, in some situations, using the older age category may result in a determination of "disabled" while using the claimant's chronological age may result in a determination of "not disabled."

## C.      Borderline Situations

In some situations, a claimant may be of borderline age, meaning that the claimant is "within a few days to a few months of reaching an older age category."  20 C.F.R. § 404.1563(b).  In this borderline situation, as illustrated above, using the older age category may result in a determination that the claimant is disabled.  20 C.F.R. § 404.1563(b).  If so, then the ALJ must evaluate the overall impact of all the factors in the claimant's case and consider whether to use the older age category.  20 C.F.R. § 404.1563(b).  Thus, in a borderline situation, the ALJ must not apply the age categories mechanically.  20 C.F.R. § 404.1563(b).  Rather, an individualized

determination is necessary to decide whether to apply the age category applicable to the claimant's chronological age or whether to apply the next highest age category.  20 C.F.R. § 404.1563(b). There is no precise definition of a borderline situation in the statutes, regulations, or binding case authority.

Notably, there is no requirement that the ALJ make factual findings regarding a claimant's borderline situation or explain why a particular age category was applied.  However, courts have found that an ALJ must consider a claimant's borderline situation and explain his or her decision to apply a particular age category.  *See Byers v. Astrue*, 506 F. App'x 788, 791 (10th Cir. 2012) (remanding the case because the court was unable to determine whether the ALJ considered the plaintiff's borderline situation and whether the ALJ would have reached the same result after considering that a borderline situation existed); *Phillips v. Astrue*, 671 F.3d 699, 706 (8th Cir. 2012) (finding that "[s]imply noting [a claimant's] age and her current age category fails to answer . . . whether her borderline situation warranted moving her to the next category"); *Kane v. Heckler*, 776 F.2d 1130, 1133 (3d Cir. 1985) (remanding the case because the ALJ did not address the plaintiff's borderline situation and because proper application of the regulation regarding borderline situations may have altered the disability finding).

Courts in the Northern and Middle District of Florida have also required that an ALJ explicitly consider a claimant's borderline situation in rendering a decision.  *See Bowman v. Colvin*, No. 1:15-CV-00008-MP-CAS, 2015 WL 5898313, at *2 (N.D. Fla. Oct. 8, 2015) (finding that the ALJ should "explicitly or implicitly consider which age category should be applied" in a borderline situation); *Roark v. Comm'r of Soc. Sec.*, No. 6:14-CV-84-ORL-37TBS, 2015 WL 1288140, at *7 (M.D. Fla. Mar. 20, 2015) (remanding the case and directing the ALJ to provide the claimant with an opportunity to be heard on her borderline situation, make an individualized

determination of the age factor, and expressly articulate his consideration of the claimant's borderline situation); *Rogers v. Comm'r of Soc. Sec.*, No. 6:12-CV-1156-ORL-GJK, 2013 WL 5330452, at *5 (M.D. Fla. Sept. 23, 2013) (remanding the case and directing the ALJ to provide the claimant with an opportunity to be heard on her borderline situation, make an individualized determination of the age factor, and expressly articulate his consideration of the claimant's borderline situation).

Additionally, courts acknowledge that an ALJ must provide sufficient explanation to show that the decision is supported by substantial evidence. *See Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1072 (9th Cir. 2010) (finding that the ALJ did not apply the age categories mechanically when the ALJ evaluated the overall impact of the plaintiff's case and relied on the testimony of a vocational expert but acknowledging that the ALJ must show that he or she considered the claimant's borderline situation); *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 400–01 (6th Cir. 2008) (rejecting a per se procedural obligation to explicitly address a claimant's borderline-age situation in every borderline case but finding that "a lack of an explanation may in some cases mean that the ALJ's ultimate decision is not supported by sufficient evidence").

## D. Plaintiff's Borderline Situation

Plaintiff, who was born on September 22, 1963, was forty-seven years old on the alleged onset date and forty-nine years old at the time of the ALJ's decision. (Tr. 19.) Plaintiff was within two months of her fiftieth birthday at the time the ALJ issued his decision on July 18, 2013. (Tr. 21.) In his decision, the ALJ classified Plaintiff as a younger individual, as she was younger than fifty years of age and between the ages of forty-five and forty-nine. (Tr. 19.) The ALJ also found that Plaintiff had a limited education, had previous skilled or semi-skilled work experience, and

was limited to less than the full range of sedentary work.  (Tr. 19, 76–77.)  The ALJ made no finding regarding transferability of skills.  (Tr. 19.)

Plaintiff was within a few months of reaching an older age category, as she was only two months away from turning fifty and reaching an older age category—the category for those closely approaching advanced age.  *See Pettway v. Astrue*, No. CA 10-127-C, 2010 WL 3842365, at *3 (S.D. Ala. Sept. 27, 2010) (collecting cases and finding a consensus among federal courts "that six months from the older age category is the extent to which courts will recognize a borderline age situation").  When applying the Grids, a fifty-year-old claimant with Plaintiff's characteristics—limited education, previous skilled or semi-skilled work experience with no transferable skills, and RFC for sedentary work—would be found "disabled."  20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.10.  However, a forty-nine-year-old claimant with the same characteristics would be found "not disabled" under the Grids.  20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.19.  Accordingly, Plaintiff's age constitutes a borderline situation.  *Id.*  Because this case presented a borderline situation, the ALJ was required to consider the overall impact of all the factors in the claimant's case before deciding whether to use the younger individual or the older age category.  20 C.F.R. § 404.1563(b).

Upon review of the record and the ALJ's decision, the Court finds that the ALJ failed to adequately explain the basis for his decision.  *See Wiggins v. Schweiker*, 679 F.2d 1387, 1390 (11th Cir. 1982) (stating that the ALJ "should render a decision that will provide reviewing courts with the basis for determining that he applied the correct legal standards").  Indeed, the court's responsibility is to determine whether the ALJ's conclusion as a whole was supported by substantial evidence in the record.  *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).  Without clearly articulated grounds for the ALJ's decision, a court cannot determine whether the

ALJ's conclusions were rational and supported by substantial evidence.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).

Specifically, as it relates to the issue at hand, the ALJ must consider the overall factors in the claimant's case before applying a particular age category when using an older age category may direct a different result.  20 C.F.R. § 404.1563(b).  Therefore, to determine whether the ALJ's decision was supported by substantial evidence, there must be, at a minimum, some showing that the ALJ considered the overall factors in the claimant's case, including age and other vocational factors, before applying a particular age category.  This basic requirement falls squarely within the plain language of the regulations and does not impose an additional or heightened burden than is already placed on the ALJ to "'provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted.'"  *O'Bier v. Comm'r of Soc. Sec. Admin.,* 338 F. App'x 796, 798 (11th Cir. 2009) (quoting *Keeton*, 21 F.3d at 1066).

Here, the Court is unable to determine the basis for the ALJ's decision.  In considering Plaintiff's age, the ALJ made a single finding that Plaintiff was forty-seven years old on the alleged disability onset date and was thus classified as a younger individual between the ages of forty-five and forty-nine.  (Tr. 19.)  Thereafter, the ALJ made no finding regarding transferability of skills and relied on the Grids to support a finding of "not disabled," stating: "Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2)."  (Tr. 19.)

While the ALJ employed the testimony of the vocational expert, the ALJ relied on the vocational expert's testimony to determine the extent to which Plaintiff's additional limitations affected her ability to adjust to other work in the sedentary work level and not because Plaintiff's

borderline situation presented an additional factor that necessitated further discussion.  (Tr. 76–79.)  Indeed, the ALJ did not mention Plaintiff's age at the hearing or include Plaintiff's borderline situation or transferability of skills in his questioning of the vocational expert.  (Tr. 77.)  *See Miller v. Comm'r of Soc. Sec.*, 241 F. App'x 631, 633 (11th Cir. 2007) (considering the plaintiff's borderline situation and finding that the vocational expert testified regarding the transferability of the plaintiff's work skills and that the ALJ's decision included a finding that plaintiff had transferable work skills).  The ALJ's decision also omits any discussion of the other factors the ALJ relied on in applying the younger age category.

Without any mention or discussion of Plaintiff's borderline situation in the decision—the significance of which may have affected the ultimate conclusion in this case—it is impossible for the Court to ensure that the ALJ applied proper legal standards in evaluating Plaintiff's ability to perform other work and to determine whether the ALJ's decision was supported by substantial evidence.  *See Dial v. Comm'r of Soc. Sec.*, 403 F. App'x 420, 421 (11th Cir. 2010) (finding that the ALJ's error was not harmless when it affected the ultimate conclusion and the ALJ's legal determination); *Wiggins*, 679 F.2d at 1390 (remanding the case based on the court's inability to determine whether the ALJ applied the proper legal standards).  Therefore, on remand, the ALJ must consider the overall factors in Plaintiff's case before applying a particular age category and explain his reasoning in light of Plaintiff's borderline situation.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1.  The decision of the Commissioner is **REVERSED** and the case is **REMANDED** under

    sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

2.   The Clerk of the Court is directed to enter judgment consistent with this Order.

**DONE** and **ORDERED** in Tampa, Florida, on March 4, 2016.

_____

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record